# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:18-CR-109** |
| | : | |
| | : | **JUDGE BLACK** |
| v. | : | |
| | : | |
| | : | **GOVERNMENT'S MOTION** |
| **ANDREY SHUKLIN et al.,** | : | **FOR PROTECTIVE ORDER** |
| | : | **REGARDING DISCOVERY** |
| Defendants. | : | |
| | : | |
| | : | |

The United States, through undersigned counsel, respectfully moves the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to enter an order prohibiting the widespread dissemination of discovery material and sensitive information contained therein to non-litigants. In support of this motion, the government states as follows:

1. On July 25, 2018, a federal grand jury returned a one-count indictment charging the defendants with RICO conspiracy in violation of 18 U.S.C. § 1962(d), related to multi-year criminal enterprise that operated moving companies that defrauded hundreds of victims.

2. The discovery materials in this case contain, among other things, private financial information about numerous individuals and entities, other private information, which may include social security numbers, addresses, dates of birth, as well as confidential tax returns and taxpayer information within the meaning of Title 26, United States Code, Section 6103(b). Disclosure could potentially subject such individuals to economic harm, embarrassment, retaliation, or place them in a position to be threatened or harassed before the trial.

3. The Government will follow all requirements of Rule 16, and will follow the requirements of Title 18, United States Code, Section 3500, but believes a protective order will

serve to safeguard against unnecessary dissemination of confidential information and otherwise make clear the appropriate legal purposes for which certain discovery may be used.

4. Federal Rule of Criminal Procedure Rule 16(d)(1) empowers district courts to issue protective orders that limit the use and distribution of discovery materials for "good cause." Fed. R. Crim. P. 16(d)(1). Specifically, the Rule provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *Id*. The Supreme Court has long recognized the necessity of such authority, directing that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials[,] which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

5. Sufficient cause to issue a protective order is "obvious . . . where there is reason to believe that a witness would be subject to physical or economic harm" if his personal information or identity were revealed. Advisory Committee Notes to Fed. R. Crim. P. 16(d)(1).

6. The Government believes that because of the nature of the discovery in this case, as well as the ongoing nature of the investigation, it is appropriate for the Court to enter a protective order (the "Protective Order" or "Order") containing the following provisions (when the term "defendant" is used, said term encompasses an attorney for the defendant):

    a. Many of the materials to be provided as discovery (hereinafter "discovery materials") by the Government in preparation for or in connection with any stage of the proceedings in this case, including, but not limited to, computer or electronic records, tax returns, bank and financial records, investigators or agency memoranda or reports, witness statements, applications, affidavits, computer or electronic records, lists of personal identification information, grand jury materials generally subject to rules of secrecy pursuant to Rule 6(e), and any documents

and tangible objects provided by the Government other than trial exhibits (i.e., items actually admitted during the trial and made part of the record), are not public information. Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination.

      b.      Such discovery materials provided by the Government should be utilized by the defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

      c.      Such discovery materials and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than the defendant and defendant's counsel, persons employed to assist in the defense, independent expert witnesses, investigators or expert advisors retained pursuant to a written retainer agreement in connection with this action, or such other persons as to whom the Court may authorize disclosure upon the defendant's motion.

      d.      Such discovery materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions will be treated in the same manner as the original matter.

      e.      Defendant's counsel should inform the defendant of the provisions of the Protective Order, and direct him not to disclose or use any information contained in the Government's discovery in violation of the Protective Order. However, nothing contained in the Protective Order will preclude the defendant from applying to the Court for further relief or for modification of any provision hereof.

f. Prior to any disclosure of discovery materials to any authorized person, defense counsel shall provide a copy of the Order. Authorized persons shall be subject to the terms of the Order and shall sign the acknowledgment attached to the Order in the presence of defense counsel, indicating that they have received and reviewed the terms of the Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant to terms of the Order. *See* Proposed Order Appendix A. Authorized persons may not, under any circumstances, disclose discovery materials to anyone other than the defendant and his counsel.

g. Identifying victim information disclosed to defense counsel during the course of proceedings in this action, including the victim's financial records, shall remain in the custody of defense counsel and shall not be copied, reproduced, or disseminated, except to independent expert witnesses retained pursuant to a written retainer agreement in connection with this case. At the conclusion of this matter to include the conclusion of any post-conviction remedy, such material shall either be returned to the Government or shredded and destroyed in a method approved by the parties or the Court. This matter will be concluded upon expiration of the period for direct appeal from any verdict in the above-captioned case, the period of direct appeal from any order dismissing any of the charges in the above-captioned case, or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

h. Defense counsel will not attach any materials produced pursuant to the Order to any public filings with the Court or publicly disclose any such materials or their contents in any other manner, without prior notice to the Government. If defense counsel and the

Government cannot agree on the manner in which the materials or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

      i.      If any dispute should arise between the parties to this action as to whether any documents, materials, or other information is subject to the provisions of the Order, such documents, materials, and information shall be considered covered by the Order pending further direction by this Court.

      j.      The provisions of the Order shall not be construed as preventing the disclosure of any information in connection with any motion, hearing, or trial held in this action or to any district or magistrate judge of this Court for purposes of this action, provided that the request for such disclosure is made under seal so that reasonable efforts can be made to ensure that such disclosure does not violate the Protective Order.

    Respectfully submitted,

    BENJAMIN C. GLASSMAN
    United States Attorney

    s/*Matthew C. Singer*
    MATTHEW C. SINGER (IL 6297632)
    MEGAN GAFFNEY (NY 4849220)
    Assistant United States Attorneys
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio 45202
    (513) 684-3711
    Fax: (513) 684-6385
    Matthew.singer@usdoj.gov
    Megan.gaffney@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Government's Motion for Protective Order Regarding Discovery* has been electronically served via the Court's CM/ECF system this 5th day of October, 2018 upon all counsel of record.

                                                    s/*Matthew C. Singer*
                                                    MATTHEW C. SINGER
                                                    Assistant United States Attorney