UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 18-CR-109 |
| | ) | |
| ANDREY SHUKLIN et al., | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION
UNDER 18 U.S.C. § 3771(d)(2)**

The United States of America, by and through its counsel, Megan Gaffney Painter and Matthew C. Singer, hereby respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by section 3771(a), (b) and (c), on the grounds that the number of crime victims in this case makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a).

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a)(2). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime [to] make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs

1

the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b)(1). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e)(2)(A). The Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Title 18, United States Code, Section 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *See id*.

The criminal enterprise charged in the Indictment operated thirteen interstate moving companies from at least 2014 until 2018. The enterprise moved thousands of people throughout their operation, all the while perpetrating systemic fraud. Based on the case agent's investigation, including review of documents, interviews of victims, searches of warehouse locations, the conservative number of victims in this case is over 1,900 individuals. To date, over 500 people have registered on the Victim Notification System website for this case.

This number of victims make compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable. Neither the Government nor the Court has the resources to accord all of the victims in this case the notice required by subsection 3771(a). Therefore, due to the large number of victims in this case, the Government intends to use the Department of Justice's website for large cases, http://justice.gov/largecases/, to direct victims to

a case-specific website where all required notices will be posted. The Government will issue a press release informing individuals who believe they may be victims to access the Justice Department website for more information. Victim notification at the corrections stage will be provided through the Bureau of Prisons' website, www.bop.gov.

Prior of the filing of this motion, the U.S. Attorney's Office for the Southern District of Ohio maintained a webpage linked to the Office's home webpage to provide victims with updates about their rights and upcoming court proceedings. *See* https://www.justice.gov/usao-sdoh/us-v-shuklin-et-al. After consultation with the Mega Victim Case Assistance Program with the Executive Office for United States Attorneys, the Government believes that the Department of Justice website for large cases, referenced *supra*, will have a broader reach.

## CONCLUSION

Based on the foregoing, the Government requests the Court grant the motion for alternative victim notification procedures.

Respectfully submitted,

VIPAL J. PATEL
ACTING UNITED STATES ATTORNEY

_____
Megan Gaffney Painter (NY 4849220)
Matthew C. Singer (IL 6297632)
Assistant United States Attorneys
221 E. Fourth Street, Suite 400
Cincinnati, OH 45202

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Government's Motion for Alternative Victim Notification Under 18 U.S.C. § 3771(d)(2)* was electronically filed and delivered upon all counsel of record via the Court's CM/ECF system 1st day of November, 2021.

*s/Megan Gaffney Painter*
Megan Gaffney Painter
Assistant United States Attorney